UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAISHA HAYWOOD; NICOLE HAYWOOD;
LAVAUGHN HAYWOOD,

                    Plaintiffs,

           -against-

ANDRE BAKERS FUNERAL HOME;
KAREN BAKER; ANDRE F. BAKER,

                    Defendants.

24-CV-4275 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiffs brings this action *pro se*. As discussed below, the Court directs Plaintiffs Taisha Haywood and Lavaughn Haywood, within 30 days of the date of this order, to (1) pay the fees to initiate a new civil action in this court or request that the fees be waived; and (2) resubmit the signature page of the complaint with both of their signatures. In the alternative, should Plaintiffs wish to withdraw this action, they may submit a letter to the Court indicating their intention, also within 30 days. If Plaintiffs do not comply with this order within the time allowed, the Court will dismiss the action without prejudice.

## A.      Fees and Signatures

To proceed with a civil action in this Court, Plaintiffs must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, each Plaintiff must submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Moreover, under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see Becker v. Montgomery*, 532 U.S. 757, 764 (2001)

(interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").[1]

Plaintiff Nicole Haywood submitted the complaint and an IFP application; Plaintiffs Taisha Haywood and Lavaughn Haywood did not submit IFP applications or sign the complaint. Accordingly, within 30 days of the date of this order, Plaintiffs Taisha and Lavaughn Haywood each must submit the attached IFP applications, or, if they can afford to pay the fees, pay the $405.00 in fees. These two Plaintiffs also must sign the attached signature page of the complaint.

If Plaintiffs submit IFP applications, they should be labeled with docket number 24-CV-4275 (LTS). If Plaintiffs return the signed documents by mail or in person, they must have handwritten signatures that comply with Rule 11(a). If Plaintiffs submit the documents by email, to ProSe@nysd.uscourts.gov, Plaintiffs may use instead an electronic signature or a typed name with /s/ ("/s/ Taisha Haywood" or "/s/ Lavaughn Haywood") on the signature line. The signed documents must be labeled with the docket number 24-CV-4275 (LTS).[2]

If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

---

[1] Although a "typed name" does not satisfy Rule 11(a)'s signature requirement, the Supreme Court affirmed the right of courts "by local rule [to] permit papers to be filed, signed, or verified by electronic means." *Becker,* 532 U.S. at 764. Under this court's local rules, where a document is filed in accordance with the SDNY Electronic Case Filing ("ECF") Rules & Instructions ("ECF Rules"), the filing complies with the local rules. *See* Local Civil Rule 5.2. Rule 1.1 and Appendix C of the ECF Rules authorize self-represented parties to sign documents submitted to the court by email using an electronic signature or typed name with /s/.

[2] For registered ECF filers, "[t]he user log-in and password required to submit documents to the ECF system serve as the Filing User's signature on all electronic documents filed with the Court." Rule 8.1 of the ECF Rules. Self-represented litigants must request permission to register for ECF by filing a Motion for Permission for Electronic Case Filing.

**B.**　　**Withdraw Action**

Plaintiffs submit a letter indicating that they are in settlement negotiations with Defendants. (*See* ECF 5.) Should Plaintiffs seek to withdraw this action and pursue settlement, they may submit a letter within 30 days of the date of this order asking to withdraw this action.

**CONCLUSION**

The Court directs Plaintiffs Taisha Haywood and Lavaughn Haywood, within 30 days of the date of this order, to (1) pay the fees to initiate a new civil action in this court, or request that the fees be waived; and (2) resubmit the signature page of the complaint with both of their signatures. In the alternative, should Plaintiffs wish to withdraw this action, they may submit a letter to the Court, also within 30 days, indicating their intention. If Plaintiffs do not comply with this order within the time allowed, the Court will dismiss the action without prejudice.

No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:　　July 17, 2024
　　　　　New York, New York

　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　Chief United States District Judge

3