UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
TAISHA HAYWOOD; NICOLE HAYWOOD;
LAVAUGHN HAYWOOD,

                              Plaintiffs,

                  -against-

ANDRE BAKERS FUNERAL HOME;
KAREN BAKER; ANDRE F. BAKER,

                             Defendants.
―――――――――――――――――――――――――――――――

24-CV-4275 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      By order dated July 17, 2024, the Court directed Plaintiffs Taisha Haywood and Lavaughn Haywood to (1) pay the $405 in fees, to initiate this action, or ask that the fees be waived; and (2) resubmit the signature page of the complaint with both of their signatures. The Court also directed all three plaintiffs to notify the Court if they intended to proceed with this action, noting that if they did not respond to the July 17, 2024 order, the Court would dismiss the action without prejudice for failure to prosecute. Plaintiffs did not respond to the Court's order. Accordingly, on October 22, 2024, the Court dismissed the claims brought by Taisha and Lavaughn Haywood, without prejudice, under 28 U.S.C. §§ 1914, 1915 and Fed. R. Civ. P. 11(a). The Court also dismissed the claims brought by Nicole Haywood, without prejudice, for failure to comply with the Court's order. *See* Fed. R. Civ. P. 41(b). The Court certified that any appeal from the order dismissing the action would not be taken in good faith. The Clerk of Court entered judgment on October 24, 2024.

      On December 13, 2024, Nicole Haywood filed a notice of appeal; she attached to her notice a motion for leave to proceed *in forma pauperis* ("IFP") on appeal. (ECF 9.) The Court, having certified that any motion for leave to proceed IFP on appeal would not be in good faith, did not rule on the motion. Nicole Haywood's appeal was forwarded to the United States Court

of Appeals for the Second Circuit on December 16, 2024. On January 2, 2024, Nicole Haywood filed a motion "to reopen" her case because, she asserts, the Clerk's Office entered her email address incorrectly. (ECF 12.) On January 8, 2024, she filed a motion for reconsideration under Fed. R. Civ. P. 60(b)(1), stating that clerical error caused this Court to dismiss Plaintiff's action. (ECF 14.)

For the reasons stated in this order, the Court (1) notes that it lacks jurisdiction to rule on Plaintiff's motion to reopen and motion for reconsideration; (2) indicates that it would grant these motions if the Court of Appeals were to remand this action; and (3) denies Plaintiff's motion to proceed IFP on appeal as moot because the Court denied leave to proceed IFP on appeal in its October 22, 2024 order of dismissal.

## DISCUSSION

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Where a litigant files a motion under Rule 60(b) motion within 28 days after judgment, Fed. R. App. P. 4(a)(4)(A)(vi), a notice of appeal does not take effect until after the district court addresses the motion, Fed. R. App. P. 4(a)(4)(B)(i).

Rule 62.1 of the Federal Rules of Civil Procedure sets forth the options available to the district court when it lacks authority to grant a motion because of an appeal:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a).

Here, the Court lacks jurisdiction to rule on Plaintiff's motion to reopen and motion for reconsideration because they were not filed within 28 days of the entry of judgment.[1] The Court would grant these motions, however, if the Court of Appeals remanded the action to this Court, *see* Fed. R. Civ. P. 62.1(a)(3), because Plaintiff did not receive the July 17, 2024 order. As for Plaintiff's motion to proceed IFP on appeal, the Court denies that motion as moot because the Court ruled on this issue in its October 22, 2024 order of dismissal, by certifying that any appeal from the order would not be taken in good faith.

## CONCLUSION

The Court lacks jurisdiction to rule on Plaintiff's motion "to reopen" and motion for reconsideration, filed at ECF Nos. 12 and 14, but would grant these motions if the Court of Appeals remanded this action to the court for this purpose. *See* Fed. R. Civ. P. 62.1(a)(3).

The Court denies Plaintiff's motion seeking to proceed IFP on appeal as moot because the Court already denied Plaintiff leave to proceed IFP on appeal in its October 22, 2024 order.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff at: 80 Lynton Place, White Plains, NY 10606. The Court also directs Plaintiff to confirm in writing her correct email address should she intend to continue to receive documents electronically.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

---

[1] The Court assumes, for the purpose of this order, that the motion "to reopen" would be construed as a motion for reconsideration under Fed. R. Civ. P. 60(b).

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 10, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                          Chief United States District Judge