UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICOLE HAYWOOD,

                    Plaintiffs,

          -against-                                                24-CV-4275 (LTS)

ANDRE BAKER'S FUNERAL HOME;                            ORDER OF DISMISSAL
KAREN BAKER; ANDRE F. BAKER,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Nicole Haywood, who resides in White Plains, New York, brings this action, *pro se*, against Defendants Andre Baker's Funeral Home, a White Plains, New York funeral home, and the funeral home's owners, Karen and Andre F. Baker. Plaintiff's claims concern the funeral arrangements Defendants provided for her deceased mother. The Court assumes familiarity with the procedural history of this proceeding, which the Court most recently described in its October 14, 2025 Order, granting Plaintiff's motion for reconsideration.

On October 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of the fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Andre Baker's Funeral Home ("Baker's"), and Baker's

two owners, Andre and Karen Baker. The claims concern the funeral arrangements for Plaintiff's

deceased mother. Plaintiff claims that Baker's "violated our privacy by disclosing information

we explicitly asked to keep confidential[.]" (ECF 1, at 9.) Plaintiff also alleges that (1) Karen

Baker provided her with inaccurate information regarding a casket that Plaintiff purchased,

(2) encouraged Plaintiff to purchase a casket for $4,500, which Plaintiff declined to do, and

(3) "delayed [the funeral] by holding up our funeral procession for 30 minutes to settle payment

for the plot and receive an undisclosed envelope from Kensico Cemetery." (*Id.*) Plaintiff seeks

money damages "to address the emotional suffering and financial burdens inflicted upon our

family by Baker's misconduct." (*Id.*)

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Com. Workers Union, Loc, 919, AFL-CIO v. CenterMark*

*Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc.*

*v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

**B.    Federal Question**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff's claims against Defendants arise under state law, not federal law. Thus, the Court cannot exercise federal question jurisdiction of Plaintiff's state law claims.

**C.    Diversity Jurisdiction**

The Court also cannot exercise diversity jurisdiction of any state law claim that Plaintiff may be asserting against Defendant. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff first must allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the

3

sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff cannot satisfy the diversity statute's two requirements. First, because she resides, and the funeral home, Defendant Baker's, is located, in New York, she cannot show that she and the named Defendants are all citizens of different states. Second, the pleading does not show that the amount in controversy exceeds $75,000. The Court therefore lacks diversity jurisdiction of Plaintiff's state law claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a self-represented plaintiff an opportunity to amend a complaint "to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Plaintiff names three defendants but only provides an address for Baker's. If Plaintiff has reason to believe that Andre and/or Karen Baker do not reside in New York State and she wishes to forgo suing the funeral home itself, Plaintiff may submit an amended complaint, within 30 days of the date of his order, dropping Baker's as a defendant and stating facts showing that the remaining named defendant(s) – Andre and/or Karen Baker – resides outside of New York. If Plaintiff decides to proceed against only Andre and/or Karen Baker, she must state facts in her amended complaint showing that the amount in controversy exceeds $75,000.

In the alternative, Plaintiff may pursue the relief she seeks in the state courts.

If Plaintiff does not file an amended complaint within 30 days of the date of this order, the Court will direct the Clerk of Court to enter a civil judgment, without further order.

**PRO SE LAW CLINIC**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead and without prejudice to Plaintiff's pursuing the relief she seeks here in the state courts.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

The Court directs the Clerk of Court to hold this action open until the Clerk of Court enters judgment in this action.

SO ORDERED.

Dated:   December 15, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge